UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| LISA GILBERT | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| -vs- | ) | Civil No. 1:05-CV-112 |
| | ) | |
| COMMISSIONER, State of Maine | ) | |
| Department of Health & Human | ) | |
| Services | ) | |
| | ) | |
| Defendant | ) | |

### ORDER OF DISMISSAL

Pursuant to Fed.R.Civ.P. Rule 41(a)(2) and 23(e), the parties, by and through their undersigned counsel, have agreed to an Order dismissing this matter without prejudice, subject to the following conditions:

1. By April 1, 2006 Defendant shall ensure payment is made for Plaintiff's medical bills for the period beginning February 1, 2005, and if feasible, bills dating back to December 1, 2004, which are related to her screening, diagnosis and treatment for breast cancer. Plaintiff shall cooperate with the Defendant in furnishing any forms or providing requested information as may be reasonably requested by the Defendant, in order to secure payment of said medical bills.

2. Pursuant to 5 M.R.S.A. §§ 8051-8064, Defendant shall, by April 1, 2006, adopt final rules for the National Breast and Cervical Cancer Early Detection Program in Maine (NBCCEDP) specifying the eligibility requirements for the program, the enrollment process, the scope of covered services and notice and appeal rights.

3.      Pursuant to 5 M.R.S.A. §§ 8051-8064, Defendant shall adopt rules for the *MaineCare* Breast and Cervical Cancer Prevention and Treatment Act program.(BCCPTA)  Draft proposed rules for the BCCPTA program shall be provided to Plaintiff's counsel by January 15, 2006, with proposed rules to be issued by February 1, 2006 and final rules to be adopted by July 1, 2006.  The rules shall set forth the eligibility, enrollment, scope of covered services and notice and appeal rights for the program.

4.      Defendant shall take steps to ensure that applicants for the *MaineCare* program are properly, promptly and seamlessly screened for eligibility for both the NBCCEDP and BCCPTA  programs  Defendant shall also take steps to ensure that women who are being terminated from MaineCare are screened for eligibility for the BCCPTA program. Defendant shall take reasonable measures to reduce the need for separate applications for each program in order to expedite entry into the NBCCEDP and BCCPTA programs for eligible women. Defendant shall consult with Plaintiff's counsel to develop the process used to expedite entry into the programs and to develop application forms for both programs in order to promote prompt  program eligibility determinations  To help ensure timely program screening and referral, the Defendant shall have an automatic referral system operational by July 1, 2006 which ensures that *MaineCare* applicants and recipients who are subject to termination of their MaineCare and  who are potentially eligible for either the NBCCEDP or BCCPTA programs are promptly screened for those programs without delay attributable to the processing of their initial *MaineCare* applications.  *MaineCare* applicants or recipients who are being terminated and who may meet the

2

eligibility requirements for either the BCCPTA or the NBCCEDP programs will be sent a notice of their potential eligibility which informs them of their potential eligibility and the phone number and/or address to contact in order to follow-up on their potential eligibility.  (The notice will be developed in cooperation with Plaintiff's counsel.) Defendant shall endeavor to install a prompt for the NBCCEDP and BCCPTA programs in its automated *MaineCare* eligibility screening system currently known as ACES in order to expedite eligibility determinations and re-determinations for these programs. Until the automatic referral system is fully operational, the Defendant shall adopt reasonable measures to ensure applications for these programs can be made either through Defendant's Office of Integrated Access Services or the Maine Center for Disease Control and Prevention.

5.     Defendant shall immediately adopt measures to ensure that eligible applicants for NBCCEDP Program who have been diagnosed with either breast or cervical cancer secure prompt determinations regarding their eligibility for the BCCPTA Program. Said measures shall include procedures to minimize the submission of any additional information necessary to determine eligibility for the BCCPTA Program.

6.     Defendant shall provide to Plaintiff's counsel, by December 15, 2005 a draft of the NBCCEDP notice of decision form, including notice of hearing and appeal rights, which is to be used when determining eligibility for that program.  Defendant shall also provide to Plaintiff's counsel a draft revised *MaineCare* applications to ensure that potential eligibility for the BCCPTA Program is identified during the *MaineCare* application process. Plaintiff's

counsel shall provide any comments regarding the forms and applications back to the Defendant no later than January 4, 2006, and Defendant agrees to make reasonable efforts to incorporate Plaintiff's counsel's suggestions into its revised application form by March 1, 2006.

7.      Defendant shall ensure that individuals seeking services through either the NBCCEDP or BCCPTA Program are not required to submit duplicate information and that, except as hereinafter provided, all decisions regarding eligibility for the NBCCEDP program are rendered within thirty (30) days of a completed application and that eligibility for the BCCPTA program are rendered in conformity with 22 M.R.S.A. § 3173.

8.      Defendant shall promptly pay to Plaintiff's counsel the sum of $3000 in attorney's fees and $250.00 in Court filing fees.

9.      The Court shall retain jurisdiction for the limited purpose of entertaining claims that the terms set forth herein have been violated, but only if the claim is brought no later than one year after the date of this Order of Dismissal.  *See* *Kokkomen v. Guardian Life Insurance,* 511 U.S. 375 (1994). Plaintiff shall provide to Defendants and the Attorney General reasonable notice in writing of any alleged violation.  The parties shall engage in reasonable efforts to resolve any dispute during that period.


Dated:  December 1, 2005                    /s/ John A. Woodcock, Jr.
                                            U.S. District Judge

4